UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CAMDEN, ss** | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| | Docket No.: 23-21939 |
| **IMAGHE PAUL** ] | |
| Creditor ] | |
| ] | FILED |
| ] | JEANNE A. NAUGHTON, CLERK |
| ] | SEP 26 2024 |
| **VISION SOLAR** ] | U.S. BANKRUPTCY COURT CAMDEN, N.J. |
| Debtor ] | BY_____DEPUTY |

**MOTION TO RECONSIDER DISALLOWANCE OF CLAIM NO. 283 – Case No. 23-21939**

TO THE HONORABLE JUDGE POSLUSNY OF THE BANKRUPTCY COURT:

**Imaghe Paul** ("Ms. Paul"), creditor in the above-referenced case, hereby moves this Court to reconsider its order dated **May 21, 2024** (Dkt. No. 304) disallowing Claim No. 283 pursuant to 11 U.S.C. § 502(j) and Federal Rule of Bankruptcy Procedure 3008, and in support thereof, states as follows:

**1. Jurisdiction**

This Court has jurisdiction over this matter under **28 U.S.C. §§ 157 and 1334**, and this is a core proceeding under **28 U.S.C. § 157(b)(2)**. Venue is proper pursuant to **28 U.S.C. §§ 1408 and 1409**.

## 2. Background

1. **Debtor's Bankruptcy Filing**: Vision Solar, LLC ("Debtor") filed a petition for Chapter 7 bankruptcy on **December 28, 2023**.
2. **Filing of Claim No. 283**: On [date], Ms. Paul filed a proof of claim (Claim No. 283) in the amount of [amount], based on [**describe the basis of the claim, e.g., breach of contract, unpaid services, loan, etc.**].
3. **Disallowance of Claim**: On **May 21, 2024**, the Court entered an order (Dkt. No. 304) disallowing Claim No. 283.
4. **Lack of Notice**: Ms. Paul did not receive notification regarding the Trustee's motion to disallow her claim or the subsequent order entered on May 21, 2024. As a result, Ms. Paul was denied the opportunity to respond or contest the disallowance, a violation of **Federal Rule of Bankruptcy Procedure 2002(a)(7)**, which mandates that creditors receive at least 21 days' notice of a motion to disallow their claim.
5. **Amendment to Claim**: On **June 23, 2024**, Ms. Paul, unaware of the disallowance, filed an amendment to Claim No. 283.
6. **Trustee's Objection and Hearing**: The Chapter 7 Trustee objected to the amendment, arguing that the disallowed claim could not be amended without a prior motion for reconsideration. On **August 20, 2024**, the Court heard arguments and took the matter under advisement.

## 3. Grounds for Reconsideration

Pursuant to **11 U.S.C. § 502(j)** and **Fed. R. Bankr. P. 3008**, a disallowed claim may be reconsidered for cause. Ms. Paul respectfully submits that there is good cause for the Court to reconsider the disallowance of Claim No. 283 for the following reasons:

### A. Inadvertent Failure to File a Motion for Reconsideration

Ms. Paul acknowledges that instead of filing a motion to reconsider the disallowance of Claim No. 283, she inadvertently filed an amendment to the disallowed claim. This was a procedural error, and Ms. Paul now seeks to rectify it by filing this Motion to Reconsider.

### B. Violation of Rule 2002(a)(7) Notice Requirement

Under **Federal Rule of Bankruptcy Procedure 2002(a)(7)**, creditors are entitled to at least 21 days' notice of any hearing on a motion to disallow a claim. Ms. Paul did not receive notice of the Trustee's motion to disallow her claim, nor was she notified of the Court's subsequent May 21, 2024, order. This failure deprived her of the opportunity to defend her claim, constituting cause for reconsideration under Rule 3008.

### C. Failure to Comply with Rule 2002(g)

Additionally, **Federal Rule of Bankruptcy Procedure 2002(g)** governs where notices must be sent. Ms. Paul did not receive the notice at the appropriate address, further violating her rights under the bankruptcy rules. This non-compliance is another ground for reconsideration.

### D. Substantive Merit of the Claim

Claim No. 283 is based on **[describe the basis, e.g., breach of contract, unpaid services, loan, etc.]**. The disallowance of the claim was procedural, not substantive. Ms. Paul asserts that her claim has merit, and that reconsideration is appropriate to allow the Court to assess the validity of the claim on its merits.

### E. Equity and Fairness

Reconsidering the disallowance of Claim No. 283 will serve the interests of justice and equity. Ms. Paul acted in good faith in filing her original claim and amendment. The Debtor's estate will not be unduly prejudiced by reconsideration, and it would allow for a fair determination of Ms. Paul's entitlement to recovery in this bankruptcy case.

### F. Absence of Prejudice

Reconsidering the disallowance of Ms. Paul's claim would not unfairly prejudice the Trustee or other creditors. Rather, it would promote fairness by ensuring that Ms. Paul's rights as a creditor are protected, and the claim is properly litigated on its merits.

### 4. Legal Basis for Reconsideration

1. Pursuant to **11 U.S.C. § 502(j)**, "A claim that has been allowed or disallowed may be reconsidered for cause."
2. **Federal Rule of Bankruptcy Procedure 3008** allows any party in interest to move for reconsideration of an order disallowing a claim.
3. Ms. Paul did not receive notice of the motion to disallow her claim or the subsequent order dated May 21, 2024. This failure to provide notice deprived her of an opportunity to present evidence and arguments in support of her claim, which justifies reconsideration under Rule 3008.

### 5. Good Cause for Reconsideration

1. Ms. Paul acted in good faith in filing her amended claim on June 23, 2024, unaware that her original claim had already been disallowed.
2. Reconsideration is warranted to provide Ms. Paul the opportunity to present her case on the merits, especially considering the lack of notice regarding the disallowance of Claim No. 283.

3. Reconsideration would serve the interests of justice by allowing all parties to fully and fairly litigate the validity of Ms. Paul's claim.

## 6. Relief Requested

For the foregoing reasons, Ms. Paul respectfully requests that the Court:

1. **Grant this Motion to Reconsider** the order disallowing Claim No. 283 (Dkt. No. 304) pursuant to **11 U.S.C. § 502(j)** and **Fed. R. Bankr. P. 3008**;
2. **Vacate or modify the order disallowing Claim No. 283**;
3. **Permit Ms. Paul to file any necessary amendments or supplements to her claim**, should the Court find it appropriate;
4. **Grant such other and further relief** as the Court deems just and proper.

Dated: September 23, 2024

Respectfully submitted,

**Imaghe Paul**
**19 Normandy Rd, Springfield, MA 01106**
paulimaghe@gmail.com

Signature _____