| |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1** <br><br> Jeffrey Kurtzman, Esquire (JK-7689) <br> **KURTZMAN \| STEADY, LLC** <br> 2 Kings Highway West, Suite 102 <br> Haddonfield, NJ  08033 <br> kurtzman@kurtzmansteady.com <br> Telephone: (215) 839-1222 <br><br> Attorneys for Maureen P. Steady, as Chapter 7 Trustee | |
| In re: <br><br> VISION SOLAR, LLC, <br><br> Debtor. | Case No. 23-21939 (JNP) <br><br> Chapter 7 <br><br> Hearing Date: October 22, 2024 at 11:00 a.m. |

**OBJECTION OF MAUREEN P. STEADY, AS CHAPTER 7 TRUSTEE, TO MOTION OF IMAGHE PAULTO RECONSIDER ORDER DISALLOWING CLAIM NO. 283**

TO:   THE HONORABLE JERROLD N. POSLUSNY, JR.,
       UNITED STATES BANKRUPTCY JUDGE:

The objection of Maureen P. Steady (the "Trustee"), as Chapter 7 trustee of the above-captioned debtor (the "Debtor"), by and through her attorneys, to the motion (the "Reconsideration Motion") of Imaghe Paul ("Ms. Paul") for an order reconsidering this Court's order disallowing amended claim no. 283 filed by Ms. Paul (the "Amended Claim"), respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction to consider this objection pursuant to 28 U.S.C. §§157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. This mater is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. The statutory predicates for the relief sought herein are §502(j) of the Bankruptcy Code and F.R.Civ. P Rules 59 and 60, made applicable herein pursuant to the applicable Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On December 28, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Thereafter, the Trustee was appointed as Chapter 7 trustee of the Debtor's estate, has duly qualified, and is presently so acting.

4. On April 10, 2024, Ms. Paul filed an initial proof of claim in the amount of $250,000.00 based on alleged wrongful termination of her employment and other grounds (the "Original Claim").

5. On April 16, 2024, the Trustee filed a motion to disallow the Original Claim (the "Disallowance Motion") [Doc. No. 246], which was noticed for hearing on May 21, 2024 and served on Ms. Paul at the address set forth in the Original Claim, 19 Normandy Road, Springfield, MA 01106. The Disallowance Motion set forth multiple reasons why the Original Claim should be disallowed, including that the obligation described in the Original Claim were not substantiated and had not been reduced to a pre-petition judgment.

6. On May 21, 2024, this Court entered an order granting the Disallowance Motion [Doc. No. 304].

7. Despite the entry of the order granting the Disallowance Motion, Ms. Paul filed the Amended Claim on June 23, 2024. Once again, the Trustee filed a motion to disallow the Amended Claim [Doc. No. 333] on June 24, 2024. Like the Disallowance Motion, that pleading was served on Ms. Paul at her notice address.

8. On September 5, 2024, this Court entered an order disallowing the Amended Claim [Doc. No. 370], without prejudice to Ms. Paul's right to seek reconsideration of such order pursuant to §502(j) and Federal Rule of Bankruptcy Procedure 3008.

9. On September 26, 2024, Ms. Paul filed the Reconsideration Motion [Doc. No. 384].

10. In the Reconsideration Motion, Ms. Paul asserts that she did not receive the Disallowance Motion and that unspecified "cause" exists to reconsider this Court's May 21, 2024 order. However, conspicuous by its absence in the Reconsideration Motion is any information, much less evidence, on which this Court could reasonably conclude that Ms. Paul is entitled to $250,000.00.

11. The Trustee has engaged in good faith negotiations with Ms. Paul in an effort to resolve the disputes relating to her claim. However, Ms. Paul has refused to entertain any compromise which would result in a consensual allowed claim.

12. While §502(j) establishes authority to reconsider a claim which has been allowed or disallowed for cause, that subsection does not set forth the standard by which bankruptcy courts should evaluate reconsideration. See, In re Excello Press, Inc., 83 B.R. 539 (Bankr. N.D. Ill 1988), affirmed, 90 B.R. 335 (N.D. Ill 1988), reversed on other grounds, 990 F.2d. 896 (7th Cir. 1989). In that regard, the Trustee submits that this Court should apply the standard for reconsideration generally under F.R. Civ. P. Rules 59(e) and 60.

13. Here, Ms. Paul has filed the Reconsideration within 28 days after the entry of this Court's September 5 order. As a result, the Trustee submits that Rule 59(e) establishes the appropriate standard by which to evaluate the Reconsideration Motion.

14. Rule 59(e) sets a high bar for reconsideration of a prior order or judgment. North River Insurance Co. v. CIGNA Reinsurance Co., 59 F.3d 1194, 1218 (3d Cir. 1995). Relief under

3

Rule 59(e) is available only in limited circumstances, including (a) an intervening change in controlling law, (b) the existence of new evidence not previously available, and (c) the need to correct clear error or prevent manifest injustice. Id. None of those factors are present here.

15. More pointedly, Ms. Paul has never, including in the Reconsideration Motion itself, presented *any* evidence (much less new evidence) on which this Court could rely in determining the estate's liability or the amount of Ms. Paul's damages, which appear to be a mere estimate untethered to actual proof of loss. In this regard, nothing in the Reconsideration Motion would permit this Court to alter or amend its September 5 order. See, Harsco Corp. v. Zlonik, 779 F.2d 986 (3d Cir. `985).

16. The Trustee has a duty to maximize creditor distributions, including by objecting to claims which are not validly asserted against the Debtor's estate. For all of the reasons set forth in the Disallowance Motion, Ms. Paul has failed to substantiate the amount of the Amended Claim. This Court's order expunging the Claim was therefore in all respects proper.

17. As a result, this Court should deny the Reconsideration Motion in light of Ms. Paul's failure to meet her burden of proof under either §502(j) of the Bankruptcy Code or Rule 59(e). However, should this Court decline to do so, the Trustee submits that Ms. Paul should be required to establish both the estate's liability and the extent of her damages at a plenary evidentiary hearing to be conducted by this Court.

## CONCLUSION

18. For the foregoing reasons, the Trustee respectfully submits that the Reconsideration Motion should be denied.

WHEREFORE, Maureen P. Steady, as Chapter 7 trustee, respectfully requests the entry of an order granting the foregoing relief, together with such other and further relief as

is just and proper.

Dated:  September 277, 2024             **KURTZMAN | STEADY, LLC**


By:   /s/ Jeffrey Kurtzman
Jeffrey Kurtzman, Esquire
2 Kings Highway West, Suite 102
Haddonfield, NJ 08033
Telephone: (215) 839-1222
Email:  kurtzman@kurtzmansteady.com

Attorneys for Maureen P. Steady, as Chapter 7 Trustee

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>Jeffrey Kurtzman, Esquire (JK-7689)<br>**KURTZMAN \| STEADY, LLC**<br>2 Kings Highway West, Suite 102<br>Haddonfield, NJ  08033<br>kurtzman@kurtzmansteady.com<br>Telephone: (215) 839-1222<br><br>Attorneys for Maureen P. Steady, as Chapter 7 Trustee | |
| In re:<br><br>VISION SOLAR, LLC,<br><br>                         Debtor. | Case No. 23-21939 (JNP)<br><br>Chapter 7<br><br>Hearing Date: October 22, 2024 at 11:00 a.m. |

**ORDER DENYING MOTION OF IMAGHE PAUL FOR RECONSIDERATION**

The relief set forth on the following page numbered two (2) is hereby **ORDERED**.

**In re Vision Solar, LLC**
**Case No. 23-21939 (JNP)**
**ORDER DENYING MOTION OF IMAGHE PAUL FOR RECONSIDERATION**
<u>**Page 2**</u>

**THIS MATTER** having come before this Court on the motion (the "Reconsideration Motion") of Imaghe Paul (the "Movant") for an order reconsidering this Court's order entered on September 5, 2024 at Doc. No. 370 disallowing the Movant's amended claim, and the objection of the Chapter 7 trustee to the relief requested in the Reconsideration Motion, and after notice and opportunity for hearing, and good cause appearing, it is hereby

**ORDERED**, that the Reconsideration Motion be and hereby is denied.

**AND IT IS FURTHER ORDERED**, that this Court shall retain jurisdiction over the implementation of this Order.